# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

VINCENT HERZOG,

                Plaintiff,

v.                                Case No. 10-C-1140

THYSSENKRUPP WAUPACA, INC.

                Defendant.

## STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION AND RECORDS OF PLAINTIFF AND DEFENDANT

**WHEREAS**, discovery sought in this action by Plaintiff Vincent Herzog and Defendant ThyssenKrupp Waupaca, Inc. ("ThyssenKrupp Waupaca"), (collectively "the Parties"), may require the discovery of certain confidential information, documents, and material, including, but not limited to: Plaintiff's confidential financial and health-related information and records; confidential financial and/or health-related information of certain employees of Defendant; confidential research, development, trade secret, and financial information of Defendant; and other information, documents, and material which have not heretofore been made public, or otherwise published by the Plaintiff or Defendant; and

**WHEREAS**, the Parties have agreed to the entry of this Order governing the designation and protection of such information and documents,

**IT IS HEREBY ORDERED** as follows:

1. In accordance with the provisions set forth below, the Court orders that confidential information and documents produced, obtained, or exchanged in the course of this action, including but not limited to the information described above, shall be used by the Parties to whom such information and documents are produced, obtained, or exchanged solely for the purpose of this lawsuit and for no other reason.

2. Any document and information produced or exchanged between the Parties in discovery, including but not limited to any documents, deposition testimony, deposition exhibits, and interrogatory responses which a party believes should be protected from disclosure, may be designated as "Confidential." All documents and information so designated and all copies thereof (hereinafter referred to as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party designating information as Confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and provided further that nothing in this Order shall prevent any party from challenging the designation of any document or information as Confidential.

3. Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Order.

4. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating such information as Confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

    a. Attorneys, legal assistants, legal clerks/interns, and other employees of the counsel for the Parties who have a need to handle the Confidential Information under normal office procedure;

b. Experts or consultants retained by the Parties with respect to this action and their staff;

c. Contracted vendors of counsel for the Parties, who have a need to handle the Confidential Information under the direction of counsel for the Parties with respect to this action;

d. This Court and its staff; and

e. Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action.

As to all Confidential Information *except* health-related Confidential Information, counsel may, without further agreement, disclose the Confidential Information or its contents to the persons listed below, as well as those in subparagraphs (a)-(e) above, pursuant to the terms in this Order:

f. Attorneys, legal assistants, legal clerks/interns, and other employees of the Parties who have a need to handle the Confidential Information under normal office procedure;

g. Any person:

(1) from whom testimony has been taken or is reasonably expected to be taken in this action by deposition or at trial; or

(2) who is the subject of the Confidential Information or who is reasonably expected to testify about the Confidential Information.

With regard to health-related Confidential Information, counsel may, without further agreement, disclose the Confidential Information or its contents to the persons listed below, as well as those in subparagraphs (a)-(e) above, pursuant to the terms in this Order:

h. Any person:

(1) who is the subject of the health-related Confidential Information at issue; or

(2) anyone who is the subject of the health-related Confidential Information who gives consent for persons in subparagraphs (f) or (g) to view the Confidential Information.

3

5. Each person to whom Confidential Information is disclosed pursuant to paragraphs 4(a), (b), and (f)-(h) shall first be shown a copy of this Order, shall further be advised of the obligation to honor the confidentiality designation, and, for individuals listed in paragraphs 4(b) and (f)-(h) shall be required to sign the Certificate of Consent and Agreement attached hereto as Exhibit A. For contracted vendors to whom Confidential Information is disclosed pursuant to paragraphs 4(c), a representative of each vendor shall first be shown a copy of this Order, shall further be advised of the obligation to honor the confidentiality designation, and shall be required to sign the Certificate of Consent and Agreement attached hereto as Exhibit B on behalf of the vendor. The signed Certificates of Consent and Agreement shall be retained by counsel for the party making the disclosure.

6. Any party in this action or counsel for such party may designate a document as Confidential pursuant to the terms of this Order by affixing to each page thereof a stamp with the legend "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" and transmitting to the other party the stamped copy of the document. Where a document contains both Confidential Information and information that is not Confidential Information only the portion that constitutes Confidential Information shall be so designated.

7. Any party in this action may also designate portions of a deposition as Confidential Information by notifying the other party of the portions that are designated as Confidential, either during the course of the deposition by clearly indicating on the record which portion(s) are designated Confidential, or, in writing, within twenty (20) days of the receipt of the deposition transcript for depositions not yet taken at the time of the execution of this Protective Order, and within twenty (20) days of the execution of this Protective Order for depositions already taken at the time of such execution. All depositions shall be treated as confidential from the time of the

deposition through the relevant twenty (20) day period, unless the Parties agree otherwise. Confidential Information within the deposition transcript must be designated by providing a page/line list to counsel for the other party, and by underlining or bracketing the portions of the pages that are confidential and marking such pages with the following: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," unless designation of Confidential Information was clearly made on the record during the course of deposition.

8. Any party in this action may designate as Confidential its response to interrogatories by labeling such response as: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

9. Confidential material includes all material designated at Confidential pursuant to the terms of this Order, as well as summaries and compilations derived from such confidential materials, including, but not limited to charts, tables, graphs, and models.

10. Confidential Information shall be used solely for the purpose of prosecution or defense in this action, and such documents and information may be used, consistent with the terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeal of this action. Information, documents, and material designated Confidential pursuant to the terms of this Order shall be held in strictest confidence and shall be kept securely. The Parties agree to disclose Confidential Information only to those individuals so authorized pursuant this Order, and only to the extent necessary for prosecution or defense of this action. No party shall, for itself or any other person acting on its behalf, make more copies of Confidential Information than are reasonably necessary to conduct this litigation. Either party may file, prior to trial, a motion in *limine* restricting use of Confidential Information at trial.

11. Should a party need to designate as Confidential Information a document or information that was already disclosed or produced in this action, then the party must inform the

other party in writing of the Confidential designation, and follow the procedures contained in this Order for such designations (for example, reproducing the documents or providing the deposition transcript with the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation and other requirements of this Order).

12. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

    b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

    c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered confidential; or

    d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

13. Any party relying (in whole or in part) on Confidential Information from another party in any motion, brief, memorandum, affidavit, declaration or other paper, or attachment thereto to be filed, or any party characterizing, summarizing, or otherwise referencing Confidential Information in documents to be filed, must redact all Confidential Information from the document or submission to be filed and file unredacted versions of such documents or submissions under seal pursuant to Gen. L. R. 79(d), and in accord with Gen. L. R. 79(d)(3)-(7). All such filings or submissions must be accompanied by a separate motion requesting that the documents or portions thereof be sealed by the Court.

14. A non-designating party may challenge the other party's designation of information or documents as Confidential no sooner than five (5) days after conferring with the designating party to seek a mutually acceptable resolution of the issue. If no such voluntary resolution occurs, the non-designating party may move the Court to remove the Confidential designation. If such a motion is filed, the party seeking confidentiality has the burden of establishing the confidential nature of the information or documents so designated. The opposing party shall file its opposition within the deadlines established by the Court's Local Rules and/or the Federal Rules of Civil Procedure.

15. If a party designates documents or information as Confidential that have already been disclosed by the non-designating party to individuals not covered by this Protective Order, the non-designating party shall make all reasonable efforts to seek the return of the Confidential Information, shall show this Protective Order to the recipient of such Confidential Information and advise them of the obligation to honor the confidentiality designation and not to further disclose the confidential information or documents, or the contents thereof, and shall inform the designating party of the person(s) to whom such disclosures were made.

16. The Confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. Within sixty (60) days of the conclusion of this litigation, including any appeals which may be filed, each party will return to the other all Confidential Information, including copies, received from the other during the course of this litigation, or shall destroy all Confidential Information.

17. Any party may, at any time and for any reason, seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the Parties or by Order

of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

**SO ORDERED** this   20th   day of April, 2011.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge

**EXHIBIT A**
# CERTIFICATE OF CONSENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER IN VINCENT HERZOG v. THYSSENKRUPP WAUPACA, INC.

I, _____ hereby acknowledge that:

1. I have received a copy of the Stipulated Protective Order (the "Protective Order") regarding Confidential Information.

2. I have reviewed the Protective Order.

3. I agree to be bound by the terms of the Protective Order and specifically agree that I will not use, disclose, distribute or otherwise make public any information or documents designated as Confidential Information (as defined in the Protective Order) other than as allowed by the Protective Order.

_____  _____
Print Name                                                                    Signature

_____
Employer

_____
Date

**EXHIBIT B**
**CERTIFICATE OF CONSENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER IN**
**VINCENT HERZOG v. THYSSENKRUPP WAUPACA, INC.**
**FOR CONTRACTED VENDORS**

I, _____ hereby acknowledge that:

1. I have received a copy of the Stipulated Protective Order (the "Protective Order") regarding Confidential Information.

2. I have reviewed the Protective Order.

3. I agree to be bound by the terms of the Protective Order and specifically agree that I will not use, disclose, distribute or otherwise make public any information or documents designated as Confidential Information (as defined in the Protective Order) other than as allowed by the Protective Order. I agree that other persons employed by _____will not use, disclose, distribute or otherwise make public any information or documents designated as Confidential Information (as defined in the Protective Order) other than as allowed by the Protective Order.

_____  _____
Print Name                                                                    Signature

_____
Employer

_____
Date